UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:22-mj-02719-JG

UNITED STATES OF AMERICA,

vs.

ANDREW ALTURO FAHIE, et al.,

    Defendants.

_____/

## MOTION TO DISMISS GOVERNMENT APPEAL IN THE DISTRICT COURT OF BOND ORDER

The undersigned, Theresa M.B. Van Vliet, Esq. with the law firm of Genovese, Joblove & Battista, P.A., as temporary counsel for Andrew A. Fahie, hereby files his Motion to Dismiss the Governments Appeal (D.E. 15) or in the alternative, lift the stay of the bond ordered by the Honorable Alicia M. Otazo-Reyes on May 4, 2022. (D.E. 12).  As ground for his motion, Mr. Fahie states as follows:

1.      Mr.Fahie was arrested and detained by law enforcement authorities of the United States on April 28, 2022 in Opa Locka, in the Southern District of Florida.   (DE 1). (the "Complaint").  Mr. Fahie was the sitting Premier of the Virgin Islands, an Overseas Territory of the Kingdom of Great Britain and Northern Ireland (BVI).  Upon information and belief, he has since been stripped of that status, as of May 5, 2022 based in large – if not exclusive – measure on the allegations in the Complaint.[1]

2.      Mr. Fahie has been in the continuous custody of the United States since his arrest.

3.      A pretrial detention hearing was timely held before Magistrate Judge Otazo-Reyes

---

[1] Upon information and belief,  Mr. Fahie is still a duly elected Member of the BVI Parliment.

on May 4, 2022. (D.E. 12).    After hearing evidence and the arguments of counsel, and having reviewed the record herein, Magistrate Judge Otazo-Reyes denied the Government's request for pretrial detention finding that the conditions and structure of the bond she set were sufficient to assure Mr. Fahie's presence at these proceedings.[2] (D.E. 12).

4.      Immediately after the Court announced its ruling, the Government announced its intention to appeal the bond and requested that the bond order be stayed.  The Court granted the *ore tenus* request for a stay and gave the Government until the following day, May 5, 2022 for file its notice of appeal.  (D.E. 12).  Government counsel expressly noted at that time of his request for the transcript of the proceedings in connection with the Government's appeal.

5.      The Government timely filed its Notice of Appeal and Motion to Stay Entry of Bond Pending Review on May 5, 2022. (D.E. 15). The "NOA"). In its NOA the Government noted that it was "in the process of obtaining the transcript, and will prepare a more thorough motion for revocation of bond upon receipt." *Id*. at 3.

6.      The undersigned does not suggest that Government counsel has been dilatory as to his attempts to secure the transcript.  Indeed based on the almost daily communication with Government counsel regarding this subject it is believed that he has made repeated efforts, to no avail, to secure the transcript.

7.      As of this writing, no transcript has been produced and Mr. Fahie has continued to be held for five (5) days in the interim.

8.      While the delay is not believed to be of the Government's doing, the plain fact is that Mr. Fahie's bond status has fallen victim to a lack of compliance with the mandatory rules of

---

[2] As an aside, it should be noted that Magistrate Judge Otzao-Reyes did **not** consider nor rule on Mr. Fahie's invocation of immunity from arrest and detention in ordering bond and left those determinations for another day.  The issue was therefore preserved.

this Court and more broadly to the statutory and Constitutional right to a **prompt** bond process.

## <u>Argument</u>

9.      The Government's NOA travels under the provisions of Title 18, U.S.C. §3145(a)(1).  Mr. Fahie does not dispute the Government's right to appeal.  The concluding language of § 3145 however expressly directs that such appeal and motion to revoke the bond set by the Magistrate Judge "**shall** be determined promptly."  *Id*.

10.      While the undersigned has unearthed no case law on what constitutes a "prompt" determination some guidance is afforded by this Court's Local Rules (effective 12-102012). Specifically, Magistrate Judge Rule 4(a)(2) provides as follows:

> (2) Government Appeal of Release Order.  At the conclusion of a hearing pursuant to 18 U.S.C. §3142 in which a Magistrate Judge has entered an order granting pretrial release, the government may make an ore tenus motion that the Magistrate Judge exercise discretion to stay the release order for a reasonable time, to allow the government to pursue review or appeal of the release order, in accordance with 18 U.S.C. § 3145.
>
> If a stay is ordered pursuant to this rule, the Clerk of the Court is directed to obtain the tape recording or cassette immediately after the hearing and deliver the cassettes or tapes promptly to the appropriate court reporter so that an expedited transcript can be delivered to the District Judge within forty-eight (48) hours of the hearing at which the release order is entered.  The United States Attorney's Office is to pay the court reporter's charges.

*Id*.  (boldface added).

11.      Despite repeated contact and inquiry from Government counsel with the Clerk of Court from May 5th through this writing, no transcript has yet been produced.  There is **no** suggestion that this clear failure to comply with the mandatory requirements of the local rule is anything other than inadvertent and in filing this motion, the undersigned does not suggest otherwise.

12.      The provisions of the local rule serve as the underpinning of a prompt determination

of bond status.  The language of the local rule is plainly mandatory.  Unlike provisions relating to records on appeal in the Rules of Appellate Procedure or the Rules of United States Court of Appeals for the Eleventh Circuit, there is no provision of extensions of time in the filing of a transcript for purposes record on appeal.  F.R.App.Pro., Rule 11 (b)(1)(B),; 11th Cir. Rule 11-1.  Each rule, in pertentent part, requires that where the reporter cannot produce the transcript in the required time (in the case of an appeal under those rules a period of thirty (30) days) a request may be made of the Court of Appeals for additional time.  No such allowance is made under this Court Local Rules dealing with appeals of detention orders.  The rule is simple and plain.  The transcript shall be delivered within forty-eight (48) hours.

13.     The court in *United States* v. *Cruz*, 2010 WL 3393840 (SDF August 26, 2010) is the only decision that even addresses, although in *dicta*, the issue of the lack of a transcript.  In that case, however, the matter before the Court was the Government's motion to stay the underlying bond at issue.  The opinion reveals that the transcript of the detention hearing was not yet available, but importantly less than forty-eight (48) hours had elapsed between the detention hearing on August 24, 2010 and the *Cruz* Court's opinion issued August 26, 2010.  The court granted a further limited stay until it could consider the transcript as well as a detailed filing form the Government to support its stay request.  Notably, the Court required the Government to file such a memorandum before "12:00 Noon" the following day, August 27, 2010.  *Id*. at 3.

14.     Here, by contrast and despite the Government's repeated inquiries regarding the transcript, six (6) days have passed and there is still no transcript and, as a consequence, no memorandum from the Government in support of its bare NOA.

15.     While we recognize that the failure to comply with this Court's Rules does not fall at the feet of the Government, it is, or should be, of no moment.  Mr. Fahie was entitled to have

this appeal well along its way by now.  Through no fault of his own, that is not the case and he continues to sit in detention in spite of a finding by a Magistrate Judge that there **are** conditions of release which will ensure his appearance.  Given that the forty-eight (48) hour window closed almost four (4) days past, Mr. Fahie respectfully requests that the Government's NOA be dismissed or, alternatively, that the stay of bond be lifted or denied to the extent is sought to be renewed and that he be permitted to post the bond set by Magistrate Judge Otazo-Reyes on May 4, 2022.

16.  The undersigned has consulted with AUSA Shadley and is authorized to represent that the Government opposes the relief requested herein.

Respectfully submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel for Defendant Andrew A. Fahie*
200 East Broward Blvd., Suite 1110
Fort Lauderdale, FL  33301
Telephone: 954-453-8000
Telefax: 954-453-8010

By: /s/  Theresa M.B. Van Vliet
Theresa M.B. Van Vliet, Esq.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been served upon all parties registered to receive electronic notice via CM/ECF Notification on this 10th day of May, 2022.

By: /s/  Theresa M.B. Van Vliet

## SERVICE LIST

***Served via CM/ECF Notification***

Noticing FPD-MIA      MIA_ECF@FD.org, carmen_dominguez@fd.org

Frederic Shadley      frederic.shadley@usdoj.gov, andrea.samper@usdoj.gov, CaseView.ECF@usdoj.gov, wanda.hubbard@usdoj.gov

Shane Butland      shane.butland@usdoj.gov, CaseView.ECF@usdoj.gov, marsha.kersaint@usdoj.gov, USAFLS-HQDKT@usdoj.gov

Theresa Mary Bailey Van Vliet      tvanvliet@gjb-law.com, bsilva@gjb-law.com, cscavone@gjb-law.com, gjbecf@ecf.courtdrive.com, vlambdin@gjb-law.com