UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-mj-2719-JG

**UNITED STATES OF AMERICA,**

vs.

**ANDREW ALTURO FAHIE,**

    **Defendant.**

_____/

**<u>UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S
MOTION TO DISMISS BOND APPEAL</u>**

    As the Defendant concedes, the Government has been diligently seeking the transcript of the Pre-Trial Detention hearing since that hearing occurred on May 4, 2022. Nonetheless, the Defendant now seeks the extraordinary remedy of dismissing the Government's bond appeal based on the delay in acquiring that transcript. That request is without basis in fact or law, and should be denied by this Court. The District Court should be given a full chance to review the issue of detention, and then make a decision whether detention is appropriate under the statutory factors set out in the Bail Reform Act. This important review should not be short-circuited based on the Defendant's timing-related claims.

    On May 4, 2022, Judge Otazo-Reyes held a detention hearing for the Defendant. It is the recollection of undersigned counsel that, during the hearing, the Court did not specifically address the statutory presumption in favor detention, and whether that presumption had been rebutted. At the end of the hearing, the Court indicated that it would enter a $500,000 corporate surety bond. The Government asked to stay the entry of that bond, so that it could appeal the bond order to the District Court. The Court agreed to stay the entry of the bond until 5:00 p.m. on May 5, 2022, unless the Government filed a notice of appeal before that time. The Government requested additional time, so that it could obtain the transcript from the detention hearing, in order to analyze

1

and address the presumption issue, and several other concerns. The Court responded that the Government would be required to file the notice of appeal by 5 p.m. on May 5, 2022, but could submit a more thorough brief once the transcript was obtained.[1] The Government filed its notice of appeal on May 5, 2022, before the 5 p.m. deadline (DE 15).

After the detention hearing, and up through today, undersigned counsel has reached out several times to the clerk's section in an attempt to procure the hearing transcript. Undersigned counsel was just informed that the transcript should be ready around 7 or 8 p.m. this evening. The Government therefore requests until at least 5:00 p.m. tomorrow to file it's more thorough brief in support of the bond appeal. This resolution would satisfy the Defendant's concerns with timeliness, while not depriving the Government of its statutorily authorized bond appeal. This appeal is particularly important, as the evidence introduce at the Pre-Trial Detention hearing showed that the Defendant was both a risk of flight and a danger to the community. If the Defendant is released while the appeal is pending, it is highly likely that he will flee from this District, and escape prosecution for the crimes he has committed.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  /s/ Frederic C. Shadley
Frederic C. Shadley
Assistant United States Attorney
Court ID No. A5502298
11200 NW 20th Street, Suite 101
Miami, Florida 33172
Tel: (305) 715-7649/ 7654
Fax: (305) 715-7639
Email: Frederic.Shadley@usdoj.gov

---

[1] This description of events is based on undersigned counsel's best recollection of the hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ Frederic C. Shadley
Frederic C. Shadley
Assistant United States Attorney